UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENNIFER LYNN GLOVER,

    Plaintiff,

vs.                                                Case No. 4:19-CV-00327

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

**FLORIDA DEPARTMENT OF CORRECTIONS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, by and through their undersigned counsel hereby responds to the Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Without knowledge, therefore denied.

4. Admitted.

5. Admitted.

6. Without knowledge, therefore denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Responses to Paragraphs 1 through 35 are re-alleged as if fully stated herein.

37. Admitted for jurisdiction purposes only.

38. Admitted for jurisdiction purposes only.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

2. Plaintiff's alleged disability or impairment did not motivate the employer's decisions alleged in her Complaint. Neither Plaintiff's alleged disability, impairment, her physical condition, nor her request for an accommodation played a role in Defendant's decision-making process. Neither Plaintiff's alleged disability, physical condition, nor request for an accommodation played any role in Defendant's decision to terminate Plaintiff as alleged in her Complaint.

3. Any adverse employment action was not taken because of Plaintiff's alleged disability of impairment.

4. Plaintiff's employment with Defendant was not adversely affected because of her alleged disability.

5. Plaintiff cannot present a prima facie case of discrimination under the Rehabilitation Act. The events leading to any decision by Defendant regarding Plaintiff as alleged in her Complaint were based on legitimate, non-discriminatory reasons and were not pretextual in nature.

6. Even if an improper motive is found to have played some role in the events leading to any decision by Defendant as alleged in her Complaint,

which Defendant denies, any decision by Defendant as alleged in Complaint was also based on legitimate, non-discriminatory business reasons that in and of themselves supported that decision, and such would have occurred regardless of any improper motivations.

7. Plaintiff failed to exhaust her administrative remedies prior to filing the subject action or, alternatively, Plaintiff failed to comply with conditions precedent to the institution of the action.

8. Plaintiff did not have a statutorily covered disability and is not a qualified individual under the Rehabilitation Act.

9. The nature and severity of Plaintiff's alleged physical restrictions did not substantially limit a major life activity of the Plaintiff. Plaintiff's ability to perform functions of her job was not significantly less than that of an average person and Plaintiff was not precluded or impeded from performing her job, or a similar job, due to any covered disability.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Some or all of Plaintiff's claimed damages are barred as not recoverable under the Rehabilitation Act or the ADA.

12. Plaintiff has failed to mitigate her damages, if any. Therefore, the Defendant is entitled to a set-off or reduction of any verdict to the extent Plaintiff has failed to mitigate her damages.

13. The relevant program or activity does not receive federal financial assistance.

14. Plaintiff's Complaint fails to state a valid claim upon which relief can be granted.

15. Plaintiff has failed to satisfy all conditions precedent including but not limited to failure to exhaust internal remedies, remedies with the Florida Commission on Human Relations, E.E.O.C., failure to provide pre-suit notice, and failure to provide proper timely notice.

16. The Plaintiffs' recovery, if any, is to be reduced by the total of all amounts paid or payable from all collateral sources.

17. Plaintiff's Complaint exceeds the scope of her administrative charge or claim.

18. No tangible adverse employment action was taken against Plaintiff, who failed to avail herself of workplace remedies.

19. Although any discrimination is denied, the Defendant is not liable for any such discrimination because reasonable care was exercised to prevent and correct promptly any alleged activity and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities to avoid harm elsewhere.

20. This Defendant does not receive the requisite federal funding for inclusion within the Rehabilitation Act.

21. Any action or inaction of the Defendant was not the proximate cause of Plaintiff's alleged damages.

22. The actions taken by the Defendant were permitted and would have occurred regardless of any improper discrimination, which the Defendant denies.

23. Plaintiff lacks standing to bring the Complaint.

24. Defendant had legitimate non-discriminatory reasons for the actions complained of which the Plaintiff cannot rebut and cannot demonstrate were a pretext for unlawful discrimination.

25. Plaintiff's claims are barred by the doctrine of laches and unclean hands.

26. All actions of Defendant were taken in conformance with applicable rules and procedures of Defendant.

27. Plaintiff's claims are barred in whole or in part by any "No Cause" determination of the applicable administrative agency.

28. There were no reasonable accommodations Defendant could provide to Plaintiff.

29. The plaintiff's claims and damages are limited by sovereign immunity and the confines of Florida Statues 768.28.

DATED this 16th day of July, 2019.

> THOMPSON, CRAWFORD & SMILEY
>
> /s/ Thomas R. Thompson
> _____
> THOMAS R. THOMPSON, ESQUIRE
> Florida Bar No. 890596
> tom@tcslawfirm.net
> rebecca@tcslawfirm.net
> Mallory R. Bennett, Esquire
> Florida Bar No. 0124039
> mallory@tcslawfirm.net
> Post Office Box 15158
> Tallahassee, FL 32317
> (850) 386-5777
> Fax: (850) 386-8507
> ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by electronic filing to Marie A. Mattox, Esq., at marie@mattoxlaw.com and michelle@mattoxlaw.com on this 16th day of July, 2019.

> /s/ Thomas R. Thompson
> _____
> Thomas R. Thompson, Esq.